# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL DUKES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　Defendant. | Case No. 1:18-cv-00288-LJO-BAM (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT<br><br>(ECF No. 1)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Darnell Dukes is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on February 28, 2018. (ECF No. 1.)

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

1

Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Plaintiff asserts claims for deliberate indifference to serious medical needs in violation of the Eighth Amendment, retaliation in violation of the First Amendment, and a violation of the equal protection clause of the Fourteenth Amendment. In his complaint, Plaintiff concedes that, while there are administrative remedies available at his institution and that he submitted a request for administrative relief regarding the claims at issue in this action, he did not appeal any of his claims to the highest level. (ECF No. 1, pp. 3, 5.) Instead, Plaintiff asserts that, while he submitted a 602 appeal to the first level of review at California Substance Abuse Treatment Facility and State Prison, Corcoran ("CSATF") on January 24, 2018, he has not received either a log number for his appeal or a first level decision on the merits of his appeal as of February 22, 2018, the date he signed his complaint and mailed it to the Court.[1] (ECF No. 1, p. 3.)

Under the California Code of Regulations, absent any specific exemptions or exceptions, "[f]irst level responses shall be completed within 30 working days from date of receipt by the appeals coordinator." Cal. Code Regs., tit. 15, § 3084.8(c)(1). "Working days" means Monday through Friday, excluding holidays. See Cal. Code Regs., tit. 15, § 3075(b)(1)(B) & (c). Therefore, assuming that the CSATF appeals coordinator received Plaintiff's 602 appeal on January 24, 2018, the date that Plaintiff alleges that he submitted his appeal, the Appeals Coordinator had thirty working days from that date, or until March 8, 2018, to timely complete a first level response to Plaintiff's appeal. However, since Plaintiff signed his complaint and mailed it to the Court on February 22, 2018 and this action was initiated on February 28, 2018, Plaintiff brought this action before the appeals coordinator's time to complete the first level response to Plaintiff's appeal had run. (ECF No. 1.) Consequently, it appears that Plaintiff prematurely filed suit without first exhausting his administrative remedies as required by 42 U.S.C. § 1997e(a).

---

[1] Pursuant to the prison mailbox rule, a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. See Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in Houston applies to civil rights actions).

2

Accordingly, Plaintiff is HEREBY ORDERED to show cause within **twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit.  See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (in rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of Dep't. of Corrs., 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

IT IS SO ORDERED.

Dated: **April 3, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE