# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL DUKES,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>        Defendant. | Case No. 1:18-cv-00288-LJO-BAM (PC)<br><br>ORDER DISCHARGING APRIL 3, 2019 ORDER TO SHOW CAUSE<br><br>(ECF No. 10)<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Darnell Dukes is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on February 28, 2018. (ECF No. 1.)

On April 3, 2019, the Court issued an order requiring Plaintiff to show cause, within twenty-one days, why this action should not be dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing suit. (ECF No. 10.) The time for Plaintiff to file a response to the order to show cause has expired, and Plaintiff has not filed a response or otherwise communicated with the Court.

//

///

1

**I.     Legal Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

In rare cases when a prisoner's failure to exhaust available administrative remedies prior to filing suit is clear from the face of the complaint, the action may be dismissed for failure to state a claim. See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); Medina v. Sacramento Cnty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of Dep't. of Corrs., 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

//
///

**II.     Discussion**

In his complaint, Plaintiff asserts claims for deliberate indifference to serious medical needs in violation of the Eighth Amendment, retaliation in violation of the First Amendment, and a violation of the equal protection clause of the Fourteenth Amendment. With respect to all of his claims, Plaintiff admits that, while there are administrative remedies available at his institution and that he submitted a request for administrative relief regarding the claims at issue in this action, he did not appeal any of his claims to the highest level. (ECF No. 1, pp. 3, 5.) Further, Plaintiff asserts that, while he submitted an administrative appeal to the first level of review at California Substance Abuse Treatment Facility and State Prison, Corcoran ("CSATF") on January 24, 2018, he had not received either a log number for his appeal or a first level decision on the merits of his appeal as of February 22, 2018, the date he signed his complaint and mailed it to the Court.[1] (ECF No. 1, pp. 3, 23-24.)

Under the California Code of Regulations, absent any specific exemptions or exceptions, "[f]irst level responses shall be completed within 30 working days from date of receipt by the appeals coordinator." Cal. Code Regs., tit. 15, § 3084.8(c)(1). "Working days" means Monday through Friday, excluding holidays. See Cal. Code Regs., tit. 15, § 3075(b)(1)(B) & (c). Therefore, assuming that the CSATF appeals coordinator received Plaintiff's 602 appeal on January 24, 2018, the date that Plaintiff alleges that he submitted his appeal, the Appeals Coordinator had thirty working days from that date, or until March 8, 2018, to timely complete a first level response to Plaintiff's appeal. However, since Plaintiff signed his complaint and mailed it to the Court on February 22, 2018 and this action was initiated on February 28, 2018, Plaintiff filed this action before the appeals coordinator's time to complete the first level response to Plaintiff's appeal had run. (ECF No. 1.) Consequently, it is clear from the face of Plaintiff's complaint that Plaintiff failed to exhaust his available administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a).

---

[1] Pursuant to the prison mailbox rule, a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. See Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in Houston applies to civil rights actions).

**III. Order and Recommendation**

Accordingly, the order to show cause issued on April 3, 2019, (ECF No. 10), is HEREBY DISCHARGED.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to exhaust his available administrative remedies prior to filing suit.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 28, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE